UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 12-60557-Civ-Scola/Otazo-Reyes

GERALD R. MOORE,

    Plaintiff,

v.

WYSE FINANCIAL SERVICES, INC.,

    Defendant.

_____/

## PLAINTIFF'S MOTION FOR DEFAULT FINAL JUDGMENT AND MEMORANDUM OF LAW

Plaintiff, Gerald R. Moore, files his Motion for Default Final Judgment, and in support thereof, states:

1. On April 26, 2012, the Court entered a default against Defendant, (DE 7).

2. As a result of the default, the well-pleaded allegations are taken as true and Plaintiff is the prevailing party in this action against Defendant.

3. On May 24, 2012, Plaintiff served a Request for Production and Interrogatories on Defendant. On June 5, 2012 Plaintiff served a Request for Admission on Defendant. A true copy of each of the three discovery requests, along with a declaration of Donald A. Yarbrough ("Yarbrough Declaration") attesting to their service and to the lack of Defendant's response, is attached as Exhibit "A." As further detailed in the Yarbrough Declaration, Plaintiff's counsel has not received a response from Defendant to any of the three discovery requests. As a result of Defendant's failure to respond to the Request for Admissions, each of the facts stated in Plaintiff's Request for

Admission is deemed admitted and, for the purpose of this motion, is taken as true. See Fed. R. Civ. P 36(a) and United States v. 2204 Barbara Lane, 906 F.2d 126, 129-30 (11th Cir. 1992).

## DEFENDANT'S AUTOMATED CALLS TO PLAINTIFF'S CELLULAR TELEPHONE SERVICE VIOLATE THE TELEPHONE CONSUMER PROTECTION ACT ("TCPA")

4.  Defendant violated the TCPA, by placing non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system and or the use of an artificial or pre-recorded voice without Plaintiff's prior express consent in violation of 47 U.S.C § 227 (b)(1)(A)(iii). ¶¶ 5, 6, 7, 8 and 10 Complaint. The TCPA provides for minimum statutory damages of $500.00 per violation. Defendant has admitted that its violations were willful or knowing: "Defendant willfully or knowingly violated the TCPA" ¶8, Complaint. If the violations are shown to be willing or knowing the Court may treble the damages to $1,500.00 per violation. Plaintiff, however, will waive, for the purposes of this motion only, willful or knowing damages, and thus, seeks the imposition of the minimum statutory damages of $500.00 per violative telephone call, $50,000.00. In the event that this case is tried on damages, Plaintiff will seek the full amount of damages, including damages for willful or knowing violation.

5.  All of Defendant's calls to Plaintiff were placed for non-emergency purposes. ¶¶ 7, and 10, Complaint.

6. Regarding the number of violative calls placed to Plaintiff's cellular telephone number, as a result of Defendant's failure to respond to Plaintiff's Request for Admission #6, which reads:

> That subsequent to March 29, 2008, Defendant placed in excess of one hundred telephone calls to 954-825-5516 using a pre-recorded or artificial voice or an automatic telephone dialing system as defined by the TCPA and the FCC's Declaratory Ruling of January 4, 2008.

It is deemed as an admission, and taken as true. See Exhibit "A". Accordingly, Defendant placed in excess of one hundred telephone calls to Plaintiff's cellular telephone number using an artificial or pre-recorded voice or an automatic telephone dialing system, which is in violation of the TCPA. The minimum statutory damages under the TCPA is $500.00 per violative calls. The TCPA provides:

> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States--
>
> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice–
>
> * * *
>
> (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call;

47 U.S.C. §§ 227(b)(1).

The TCPA authorizes a private right of action:

3

> (3) Private right of action. A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State—
>
> (A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
>
> (B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or (C) both such actions.
>
> If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.

47 USCS § 227.

7. Although Plaintiff will waive willful or knowing damages for the purpose of this motion, the TCPA provides for additional damages of up to $1,000 per violation in addition to the minimum damages of $500.00 per violation if the violations are "willful or knowing" 47 USCS § 227. Defendant has admitted that its violations were willful or knowing "Defendant willfully or knowingly violated the TCPA" ¶8, Complaint. Plaintiff, however, will waive, for the purposes of this motion only, willful or knowing damages, and thus, seeks the imposition of the minimum statutory damages. In the event that this case is tried on damages, Plaintiff will seek the full amount of damages, including damages for willful or knowing violation. Accordingly, Plaintiff requests damages under the TCPA of $50,000.00 ($500.00 x 100 violative calls).

8. The Northern District of Illinois recently imposed summary judgment

against a debt collector for willful or knowing violation of the TCPA for $1,500 per violation:

> Courts may treble the damages award if the court finds that defendant's violations were committed "willfully or knowingly." 47 U.S.C. § 227(b)(3). Although neither the TCPA nor the FCC regulations define the terms "willfully or knowingly", courts have generally interpreted willfulness to imply only that an action was intentional. Smith v. Wade, 461 U.S. 30, 41 n.8, 103 S. Ct. 1625, 75 L. Ed. 2d 632 (1983). While the TCPA does not define willful, the Communications Act of 1943, of which the TCPA is a part, defines willful as "the conscious or deliberate commission or omission of such act, irrespective of any intent to violate any provision[], rule or regulation." In Dubsky v. Advanced Cellular Communications, Inc., No. 2008 cv 00652, 2004 WL 503757, at * 2 (Ohio Com. Pl. Feb. 24, 2004), the court found that in the context of the TCPA, the term acting "willfully" means that "the defendant acted voluntarily, and under its own free will, regardless of whether the defendant knew that it was acting in violation of the statute. Defendants argue that a finding of "willfully" or "knowingly" is an issue for the trier of fact. Pollock v. Bay Area Credit Services, LLC, 2009 U.S. Dist. LEXIS 71169, 2009 WL 2475167 (S.D. Fla. Aug. 13 2009). In Pollock, the court found that genuine issues of material fact existed. That is not the case here. There is no dispute as to whether Defendants intentionally made the contested phone calls to Plaintiff. Defendants have put forth no facts to contest the assertion that any of the nine disputed phone calls were made willfully or knowingly. Accordingly, I find that Defendants knowingly and willfully made the phone calls.

Sengenberger v. Credit Control Servs., 2010 U.S. Dist. LEXIS 43874, 16-17 (N.D. Ill. May 5, 2010).

9.   A Florida Circuit court has held that a Defendant willfully and knowingly violated the TCPA because it dialed the Plaintiff's telephone number with intent to deliver an unsolicited facsimile: "It is undisputed that Twins willfully and knowingly sent Ebsary these thirty seven (37) unsolicited facsimiles from February 1, 2006 to present by

5

dialing Ebsary's fax number with intent to deliver each fax transmission sent to Ebsary" The Court imposed damages of $1,500 per violation. <u>William F. Ebsary, Jr., v. Twins Luncheon, Inc. d/b/a Twins Luncheon</u>, Circuit Court, 6th Judicial Circuit in and for Pinellas County, Case No. 06-007060-CI-007, August 11, 2009. 17 Fla. L. Weekly Supp. 443a.

## INJUNCTIVE RELIEF UNDER THE TCPA

10. As a remedy the TCPA also provides that one may bring "an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation." 47 U.S.C. §§ 227(b)(3)(A). Plaintiff is entitled to injunction prohibiting Defendant from continuing to place calls violative of the TCPA to Plaintiff's cellular telephone. Under similar circumstances, United States District Judge Dimitrouleas held: "Defendant is hereby enjoined from using its dialing device to call Plaintiff Cecelia Hicks's cellular phone." <u>Hicks v. Client Services, Inc.</u>, Case No.: 07-61822-Civ-Dimitrouleas/Snow (S.D.Fla., June 9, 2009), (DE 148), page 12, Order Granting Plaintiff's Motion for Summary Judgment.

11. The <u>Hicks</u> decision is the first reported decision in the federal courts of the United States imposing liability against a debt collector for violation of the TCPA, however, since its issuance at least one other court has relied upon it. In a bench trial, tried by consent before United States Magistrate John J. O'Sullivan, Magistrate O'Sullivan stated at trial that he found the reasoning expressed in <u>Hicks</u> persuasive and

entered judgment against a debt collector. <u>Sclafani v IC Systems, Inc.</u>, Case No. 09-60174-Civ-Huck/O'Sullivan (S.D. Fla., October 27, 2009).

12.     Plaintiff respectfully requests judgment of $50,000.00 for Defendant's violation of the TCPA and a permanent injunction prohibiting Defendant from calling Plaintiff's cellular telephone. Plaintiff will waive, for the purposes of this motion only, willful or knowing damages, and thus, seeks the imposition of the minimum statutory damages. In the event that this case is tried on damages, Plaintiff will seek the full amount of damages, including damages for willful or knowing violation.

WHEREFORE, Plaintiff, Gerald R. Moore, respectfully requests this Court enter a Default Final Judgment against Defendant, WYSE Financial Services, Inc., in the amount of $50,000.00 pursuant to the Telephone Consumer Protection Act, plus post judgment interest, and a permanent injunction from placing non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice without Plaintiff's prior express consent.

        DONALD A. YARBROUGH, ESQ.
        Attorney for Plaintiff
        Post Office Box 11842
        Fort Lauderdale, FL 33339
        Telephone: 954-537-2000
        Facsimile: 954-566-2235
        don@donyarbrough.com

        By: _s/Donald A. Yarbrough
        Donald A. Yarbrough, Esq.
        Florida Bar No. 015865

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 12-60557-Civ-Scola/Otazo-Reyes

GERALD R. MOORE,

    Plaintiff,
v.

WYSE FINANCIAL SERVICES, INC.,

    Defendant.
_____/

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on August 20, 2012, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                                s/Donald A. Yarbrough
                                                Donald A. Yarbrough, Esq.

## SERVICE LIST

WYSE Financial Services, Inc.
Suite 250
3410 South Galena Street
Denver, CO 80231

Via U.S. Mail

and

WYSE FINANCIAL SERVICES, INC.
C/o BUSINESS FILINGS INCORPORATED
515 East Park Avenue
Tallahassee, Florida 32301

Via US Mail